**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Christopher Jones<br>c/o Hrabcak & Company, L.P.A.<br>67 East Wilson Bridge Road<br>Suite 100<br>Worthington, OH 43085<br><br>Tammara Jones<br>c/o Hrabcak & Company, L.P.A.<br>67 East Wilson Bridge Road<br>Suite 100<br>Worthington, OH 43085,<br><br>    Plaintiff(s),<br><br>v.<br><br>Charles M. Elsea<br>c/o Stebelton Snider,<br>A Legal Professional Association<br>109 North Broad Street, Suite 200<br>Lancaster, OH 43130<br><br>Stebelton Snider,<br>A Legal Professional Association<br>c/o SAS Agent for Service, Inc.<br>109 N. Broad Street, Suite 200<br>Lancaster, OH 43130,<br><br>    Defendant(s). | Case Number: 2:21-cv-2290<br><br>District Judge<br><br>Magistrate Judge<br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT**

The following allegations are based upon the personal knowledge of Plaintiffs Christopher Jones and Tammara Jones, the investigation of counsel, and information and belief. Plaintiffs, through counsel, allege as follows:

**I.    JURISDICTION**

1

1. This Court has jurisdiction over Count One pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692k(d), and 28 U.S.C. 1331 and 1337.

2. This Court has supplemental jurisdiction over Count Two pursuant to 28 U.S.C. 1367 because it involves the same case or controversy.

3. This Court has personal jurisdiction over Defendants because Defendants transact business within this District and the purported violations occurred within this District.

4. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendants are subject to personal jurisdiction in this District.

## II. PARTIES

5. Plaintiff Christopher Jones is a natural person.

6. Plaintiff Tammara Jones is a natural person.

7. Both Plaintiffs were and are consumers within the meaning of the FDCPA, 15 U.S.C. 1692a(3).

8. Both Plaintiffs were and are consumers within the meaning of the CSPA, R.C. 1345.01(D).

9. Defendant Charles M. Elsea ("Elsea") is an attorney.

10. Defendant Stebelton Snider, A Legal Professional Association ("Stebelton Snider") is a legal professional association organized in the State of Ohio and composed of attorneys licensed to practice law in the State of Ohio.

11. Elsea was at all times relevant hereto an agent, representative, and/or employee of Stebelton Snider.

12. Elsea was and is a debt collector within the meaning of the FDCPA, 15 U.S.C. 1692a(6) because he regularly performs debt collection services for his clients and uses an instrumentality of interstate commerce or the mails to collect of debts, or regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Stebelton Snider was and is a debt collector within the meaning of the FDCPA, 15 U.S.C. 1692a(6) because it regularly performs debt collection services for its clients and uses an instrumentality of interstate commerce or the mails to collect of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### III. FACTUAL ALLEGATIONS

14. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

15. Each action or inaction alleged herein against Defendants is also an allegation of action or inaction by Defendants' agents, predecessors, successors, employees, contractors, assignees, trustees, and servicers, as appropriate.

16. Plaintiffs own residential real property at 2008 Montezuma Lane, in Bremen, in the County of Fairfield, State of Ohio.

17. In July 2019, Plaintiffs consulted with an individual named Art Dickson about rehabbing an existing pond on the subject real property.

18. Plaintiffs elected to proceed with rehabbing the pond, but Dickson never provided them a written contract.

19. On or about January 8, 2020, Dickson invoiced Plaintiffs for $22,520.42.

20. On or about March 10, 2020, Plaintiff's attorney sent a letter to Dickson, informing him that he represented Plaintiffs with regard to the monies Dickson claimed were due and owing.

21. On May 8, 2020, Defendants Elsea and Stebelton Snider, sent a letter directly to Plaintiffs demanding they pay Living Waters Pond Supplies, LLC $30,295.69.

22. The above-stated requested amount due included attorney fees.

23. Plaintiffs incurred costs and legal fees responding to and disputing Defendants' efforts to collect a debt in excess of any amount that could possibly be owed to Dickson for the work performed.

24. On September 29, 2020, Defendants filed suit in the Fairfield County Court of Common Pleas, Case No. 20 CV 357 ("State Case") on behalf of Dickson.

25. In the State Case, Defendants alleged Plaintiffs owed Dickson $30,295.69, which again included attorney fees.

26. Dickson is not entitled to attorney fees under Ohio law.

27. Defendants also alleged Dickson was doing business as Living Waters Pond Supplies LLC.

28. As a direct and proximate result of Defendants' actions, Plaintiffs suffered undue stress, anxiety, and mental anguish.

29. Accordingly, Plaintiffs brings this action against Defendants.

## IV.   COUNT ONE – VIOLATION OF THE FDCPA

30. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

31. For all the reasons stated herein, Defendants violated the FDCPA and are liable to Plaintiffs for damages.

32. Defendants were and are subject to the FDCPA at all relevant times.

33. Defendants knew Plaintiffs were represented by an attorney when they sent them the letter to Plaintiffs on or about May 8, 2020, in violation of 15 U.S.C. 1692c(a)(2).

34. Defendants' actions stated herein are false and/or misleading in violation of 15 U.S.C. 1692e(2)(A), (5), and (10).

35. Defendants' actions stated herein are unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. 1692f.

36. As a result of Defendants' actions, Plaintiffs suffered damages as described herein.

V. **COUNT TWO – VIOLATION OF THE CSPA**

37. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

38. For all of the reasons stated herein, Defendants violated the CSPA.

39. As debt collectors, Defendants are "suppliers" within the meaning of R.C. 1345.01(C).

40. Defendants' actions described herein constitute unfair and/or deceptive acts and/or practices in violation of R.C. 1345.02(A).

41. Defendants' actions described herein constitute unconscionable acts and/or practices in violation of R.C. 1345.03(A).

42. Defendants knowingly committed the aforementioned acts.

43. A court in Ohio has found that a violation of the FDCPA is also an unfair and/or deceptive and/or unconscionable act and/or practice in violation of the CSPA and that decision and others were made available for public inspection under R.C. 1345.05(A)(3) prior to this consumer transaction.

44. As a direct and proximate result of Defendants' actions, Plaintiffs suffered economic damages.

45. As a direct and proximate result of Defendants' actions, Plaintiffs suffered undue stress, anxiety, and mental anguish.

46. Plaintiffs are entitled to non-economic damages of an amount to be determined by a jury of their peers, up to a maximum of $5,000.

47. Thus, Defendants are liable to Plaintiffs for their violations of the CSPA in an amount equal to or greater than: the greater of Plaintiffs' maximum actual damages trebled, or $200; and the costs of this action and attorney fees, pursuant to R.C. 1345.09.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court award them:

48. Maximum actual, economic, direct, consequential, and special damages;

49. Non-economic damages of $5,000;

50. Statutory damages in the amount of at least $1,000;

51. The costs of this action;

52. Attorney fees;

53. Pre-judgment and post-judgment interest;

54. Declare Defendants' acts and practices violate the CSPA; and

55. Award Plaintiffs such other relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Gregory A. Wetzel*
Michael Hrabcak (0055716) (Trial Counsel)
Gregory A. Wetzel (0082631)
**HRABCAK & COMPANY, L.P.A.**
67 East Wilson Bridge Road
Suite 100
Worthington, OH 43085
(614) 781-1400    Phone
(614) 781-1171    Fax
mike@hrabcaklaw.com
gwetzel@hrabcaklaw.com
*Attorney(s) for Plaintiff*

**Jury Trial Demanded**

Plaintiffs request a jury trial on all triable issues.

*/s/ Gregory A. Wetzel*
Gregory A. Wetzel (0082631)
